```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

|  |  |  |
|---|---|---|
| ROBERT SCOTT MATTINGLEY,<br>    Petitioner, | )<br>)<br>)<br>) | |
| v. | ) | Civil No. 19-11990-LTS |
| STEPHEN SPAULDING, Warden,<br>    Respondent. | )<br>)<br>)<br>)<br>) | |

## MEMORANDUM AND ORDER

September 24, 2019

SOROKIN, J.

    For the reasons set forth below, the § 2255 petition will be denied.

I.    BACKGROUND

    On September 19, 2019, Robert Scott Mattingley, an inmate now in custody at FMC Devens, filed a pro se pleading entitled "Motion under U.S.C. § 2255 Petition for Writ of Habeas Corpus Failure to Provide Medical Care under the Eighth Amendment." Doc. No. 1. Mattingley states that he is a bilateral amputee who suffers chronic pain. Id. at p. 2. He alleges that the prison medical providers are unable to provide adequate medical care for his pain. Id. For relief, Mattingley asks the court "to release him to home confinement and allow him to receive proper medical care." Id.

    Last year, Mattingley filed several actions concerning his medical care which are now pending. See Mattingley v. Coffee, et al., No. 18-11294-MBB (civil rights complaint filed June 20, 2018); Mattingley v. Anderson, et al., No. 18-12170-DHH (civil rights complaint filed Oct. 18, 2018). Also pending is a habeas petition concerning the collection of restitution and his

housing placement.  See Mattingley v. Warden Spaulding, et al., No. 18-12299-DLC (§ 2241 petition filed Nov. 2, 2018).

A search of the federal Judiciary's Public Access to Court Electronic Records (PACER) service reveals that Mattingley was sentenced in 2017 by the United States District Court for the Western District of Virginia to a fifty-month term of imprisonment followed by a three-year term of supervised release for violation of 15 U.S.C. §§ 77q(a), 77x.  See United States v. Mattingley, C.R. No. 15-005-001 (W.D. Va. Nov. 17, 2017).  Although Mattingley's motion was filed pursuant to 28 U.S.C. 2255, the clerk entered it on the docket as a complaint because the underlying criminal action is in the Western District of Virginia and not the District of Massachusetts.

II.     DISCUSSION

 "A writ of habeas corpus pursuant to 28 U.S.C. § 2255 'provides the primary means of collateral attack on a federal sentence.'"  Gonzalez v. United States, 150 F. Supp. 2d 236, 241 (D. Mass. 2001) (quoting Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000) (internal citations omitted)).  A federal prisoner may challenge the validity of his term of incarceration and seek post-conviction relief under § 2255 if his "sentence was in excess of the maximum authorized by law ... or is otherwise subject to collateral attack."  See 28 U.S.C. § 2255(a).

Although pro se pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), Mattingley's motion is subject to dismissal.  Although he seeks release to home confinement, Mattingley challenges the sufficiency of the pain management treatment provided by the medical staff at FMC Devens.  In considering Mattingley's claim under § 2255, it is clear that this provision is inapplicable to the motion because Mattingley does not challenge the validity of his conviction or sentence.

2

"In contrast to § 2255, a 'motion pursuant to § 2241 generally challenges the execution of a federal prisoner's sentence, including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, types of detention and prison conditions.'" Gonzalez, 150 F. Supp. 2d at 241 (quoting Jiminian v. Nash, 245 F.3d 144, 146 (2d Cir. 2001)). 28 U.S.C. § 2241 authorizes federal district courts to review whether a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus," Muhammad v. Close, 540 U.S. 749, 750 (2004), while requests for relief "turning on circumstances of confinement," are more typically presented in civil rights actions. Id.

Mattingley has not sought habeas relief under 28 U.S.C. § 2241 and this court takes no view whether he is entitled to relief under 28 U.S.C. § 2241 or through a Bivens civil rights action pursuant to Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971) (established a direct cause of action against federal officials for violations of the federal constitution).

To the extent Mattingley may be seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A), such an application can only be filed with the sentencing court after the approval of an inmate's request. See 28 C.F.R. § 571.62.

III. CONCLUSION

Accordingly, the court DISMISSES Mattingley's Motion under 28 U.S.C. § 2255.

SO ORDERED.

/s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge